UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NATALIE A. BELL and DAVID A. BELL,

                          Plaintiff,

v.                                               Civil Action No. _____

LAW OFFICES OF HAROLD E. SCHERR, P.A.,
and CACH, LLC.

                          Defendant.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff, Natalie A. Bell, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff, David A. Bell, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant, Law Offices of Harold E. Scherr, P.A., is a professional association located in the State of Florida and doing business in the State of New York, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant, CACH, LLC (hereinafter "CACH") is a foreign limited liability company organized and existing under the laws of the State of Colorado, and is a "debt collector" as that term in defined by 15 U.S.C. §1692a(6).

8. Defendants regularly attempt to collect debts alleged to be due another.

9. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

10. All references to "Defendant" or "Defendants" herein shall mean the Defendant or Defendants or employees of the Defendants.

## IV. FACTUAL ALLEGATIONS

11. Plaintiffs incurred a debt to Citicorp Trust Company. This debt will be referred to as "the subject debt."

12. The subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. Plaintiffs thereafter defaulted on the subject debt.

14. Upon information and belief, Defendant CACH acquired the original debt, and employed Defendant Scherr to collect said debt from Plaintiffs.

15. In or about December, 2011, Defendant Scherr began calling Plaintiffs in an attempt to collect on the subject debt.

16. In or about December, 2011, Plaintiff, David A. Bell, spoke to Defendant Scherr. Defendant asked Plaintiff, David A. Bell, to pay the debt, one-half on December 23, 2011 and the other half on January 23, 2011 and asked Plaintiff David A. Bell for his checking account information. Without making any agreement, Plaintiff David A. Bell instructed Defendant to call his wife, Plaintiff, Natalie A. Bell.

17. In or about December, 2011, Plaintiff, Natalie A. Bell, spoke to Defendant Scherr and disputed the amount of the debt. Defendant told Plaintiff Natalie A. Bell that her husband agreed to pay the debt as stated in paragraph 16, a false statement. Defendant Scherr also stated that if she didn't give her checking account number by 5:00 p.m. that day, they would immediately commence legal action against the Plaintiffs. Plaintiff Natalie A. Bell became so nervous and scared that she gave the Defendant Scherr her bank account information.

18. In or about December, 2011, Plaintiffs sent Defendant Scherr a debt validation letter pursuant to 15 U.S.C. §1692g. Despite receipt of this letter, and before providing Plaintiffs with validation of said debt, Defendant Scherr continued to collect on said debt

by calling Plaintiffs. During said conversation, Defendant Scherr again threatened legal action against Plaintiffs if they failed to pay said debt. Also during said conversation, Defendant Scherr told Plaintiff David A. Bell that he was on the other line with Plaintiff's employer, a false statement. Further during said conversation, Defendant Scherr refused to send validation of the debt.

19. In or about January, 2012, despite receipt of the debt validation letter from Plaintiffs as is referenced in paragraph 18, Defendant Scherr continued to attempt to collect the subject debt from Plaintiffs by sending correspondence to them indicating they would be taking a withdrawal from Plaintiff Natalie A. Bell's bank account.

20. In or about December, 2011, despite having good contact information for Plaintiffs, Defendant contacted Plaintiff, David A. Bell's father and left a message disclosing Plaintiffs' debt.

21. Defendant CACH is vicariously liable for the acts of Defendant Scherr described herein pursuant to the laws of agency and otherwise.

22. That as a result of Defendants' acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

23. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(1) 15 U.S.C. §1692b(2) by contacting Plaintiff David A. Bell's father for reasons other that confirming or correcting location information of the Plaintiffs, and by and disclosing the debt on Plaintiff David A. Bell's father's answering machine after having good contact information for the Plaintiffs.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which is to abuse the hearer as described above.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f by using false and misleading representations when telling Plaintiff Natalie A. Bell that Plaintiff David A. Bell agreed to a payment plan, by stating that immediate legal action would be commenced against to Plaintiffs that if they did not agree to pay the debt, and by falsely representing to Plaintiff David A. Bell that they were on the telephone with

      his employer, all unfair and unconscionable means to collect or attempt to collect said debt.

    D. Defendant violated 15 U.S.C. §1692g(b) failing to cease collection efforts without validating the subject debt.

25. Defendant CACH is vicariously liable for the acts of Defendant Scherr described herein pursuant to the laws of agency and otherwise.

26. That as a result of the Defendants' FDCPA violations as alleged herein, Plaintiffs became nervous, upset, and anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 6, 2012

/s/ Kimberly T. Irving
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiffs*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: kirving@kennethhiller.com